\*\* **E-filed November 16, 2011** \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRESS RENTALS, INC., formerly known as EAGLE NORTH AMERICA, INC., <br><br> Plaintiff, <br> v. <br><br> GENESIS FLUID SOLUTIONS, LTD.; and MICHAEL HODGES, <br><br> Defendants. <br> _____/ | No. C11-02579 HRL <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT AND DENYING PLAINTIFF'S MOTION TO SEVER THIRD PARTY COMPLAINT** <br><br> **[Re: Docket No. 31]** |

Plaintiff Press Rentals Inc. fka Eagle North America ("Eagle") sues defendants Genesis Fluid Solutions, Ltd. and Michael Hodges (collectively "Genesis") for money allegedly due because Genesis defaulted on payments required under a settlement agreement. Genesis seeks to file a third party complaint against the entities that reportedly caused the default to occur. On October 6, Genesis brought an Amended Motion for Leave to File a Third Party Complaint against Blue Earth, Inc., its former parent company, and US Bancorp. Docket No. 35. It pleads breach of contract, promissory estoppel, and negligence against Blue Earth, Inc., and breach of contract, wrongful dishonor, and negligence against US Bancorp. Docket No. 36 ("Third Party Complaint"). Eagle opposed the motion and moved, in the alternative, to sever the third party complaint. Docket No. 38. Oral argument was heard on November 15, 2011. Based on the moving papers and counsel's arguments at hearing, the court GRANTS the defendant's motion for leave to file the third party complaint and DENIES the plaintiff's motion to sever WITHOUT PREJUDICE.

**DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT**

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it . . . [with] the court's leave if it files the third-party complaint more than 14 days after serving the original answer." Fed. R. Civ. P. 14(a). "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim. Southwest Admrs., Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986) (citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1442, 202-03 (1971)). The decision . . . is addressed to the sound discretion of the trial court. Id. (citing United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983), cert. denied, 464 U.S. 1071 (1984)). Courts may consider: (1) whether the case is still in its initial stages; (2) prejudice to the original plaintiff; (3) likelihood that the trial will be delayed; and (4) issues of judicial economy. Pinnacle Fitness & Rec. Mgmt., LLC v. Jerry & Vickie Moyes Family Trust, 2010 U.S. Dist. LEXIS 78275, *5 (S.D. Cal. Aug. 3, 2010).

Here, the case is still in its early stages, with five months remaining for discovery, and trial set for over a year from now, making delay of trial unlikely. Further, judicial economy is served when a third-party complaint arises out of the same transaction as the underlying Complaint, and where one action will avoid unnecessary expense and a multiplicity of litigation. See Standard Wire & Cable, 697 F. Supp. 368, 376 (C.D. Cal. 1988). Plaintiff's argument that the third party complaint raises issues unrelated to the original action is unconvincing. See Docket No. 36, pp. 5-6. Finally, the court feels that, at present, prejudice to the original plaintiff is not present as there is no significant complication of the issues or likelihood of unacceptable delay.

Therefore, good cause appearing, the court GRANTS defendant's motion. Genesis is ordered to file its Third Party Complaint within seven days of the date of this order and serve it immediately.

**PLAINTIFF'S MOTION TO SEVER**

Any party may move to sever a third party complaint from the main action. Fed. R. Civ. P. 14(a). If a party will suffer prejudice by joinder of the third-party claims, severance is appropriate. Southwest Admrs., 791 F.2d at 777. As discussed *supra*, there is no evidence of significant

prejudice to the plaintiff at this time. Thus, the motion to sever is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: November 16, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-02579 HRL** Notice will be electronically mailed to:

| | |
|---|---|
| Randel Jay Campbell | rcampbell@lgglaw.com |
| Wallace M. Tice | wtice@lgglaw.com |
| Gregory D. Rankin | grankin@lanealton.com |
| Bruce E. Disenhouse | Bdisenhouse@krsattys-riv.com |
| Todd A. Weber | tweber@lanealton.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**