UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRESS RENTALS INC. f/k/a EAGLE NORTH AMERICA INC., <br><br> Plaintiff, <br><br> v. <br><br> GENESIS FLUID SOLUTIONS LTD. and MICHAEL K. HODGES, <br><br> Defendants / Third-party plaintiffs, <br><br> v. <br><br> BLUE EARTH INC. f/k/a GENESIS FLUID SOLUTIONS HOLDINGS INC., U.S. BANCORP, and U.S. BANK N.A., <br><br> Third-party defendants. | Case No.: 5:11-cv-02579 EJD (HRL) <br><br> **ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND; DENYING WITHOUT PREJUDICE MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> **[Docket Item Nos. 62, 65, 71, 72, 90]** |

Presently before the court are three motions. Third-party defendants U.S. Bank and Blue Earth Inc. each move separately to dismiss the claims in the third-party complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff Press Rentals Inc. moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) or for summary judgment under Federal Rule of Civil Procedure 56 against Defendants Genesis Fluid Solutions Ltd. ("Genesis") and Michael Hodges.

1

For the reasons set forth below, the motions to dismiss are granted, the motion for judgment on the pleadings is denied, and the motion for summary judgment is granted in part.

## I. BACKGROUND

### A. Press Rentals' claims against Genesis

This action arises out of the alleged breach of a settlement agreement signed by the parties in Eagle North America, Inc. v. Genesis Fluid Solutions, LTD, N.D. Cal. Case No. 08-cv-02060. The parties in that case, plaintiff Eagle North America and defendant Genesis Fluid Solutions, participated in a settlement conference before Magistrate Judge Patricia Trumbull on June 24, 2009, and they reached a settlement two days after the conference. Under the terms of the settlement agreement, defendant Genesis Fluid Solutions was required to pay to plaintiff Eagle North America, Inc. a total of $152,000. Compl. Ex. A, Agreement § 1. Genesis was required to pay $25,000 on or before July 26, 2009; thereafter, it was required to pay fifteen monthly installments of $8,466.67 on the 26th day of each month starting in August 2009. The settlement agreement includes a clause stating that "time is of the essence regarding the payment schedule" and that "each and every payment must be delivered in hand to Eagle on or before the due date." Id.

Eagle agreed to discharge all claims against Genesis as long as Genesis made each of the required payments on time. Id. § 3. Eagle also agreed to dismiss the action against Genesis while payments were being made in accordance with the agreement.

The agreement contains a "Cognovit Clause" that allows for the entry of a judgment by confession in the event of a breach by Genesis:

> In the event that Genesis does not fully comply with the payment provisions of this Agreement within the time periods stated herein, Eagle is permitted to file the attached Judgment by Confession documents with the Court. (Exhibits A, B, and C hereto). The Judgment by Confession will expressly include the principal sum of One Hundred Fifty Two Thousand Dollars ($152,000.00), less any payments made by Genesis, plus interest thereon accrued at the legal rate of ten percent (10%) per annum from June 26, 2009, plus attorney's fees and costs—in amount according to proof—incurred by Eagle prior to June 26, 2009 in the United States District Court, Northern District of California, San Jose Division, Case No. C08 02060 RMW, plus any attorney's fees and costs incurred by Eagle in connection herewith after June 26, 2009.

Id. § 4. In compliance with California Code of Civil Procedure § 1132(b), counsel for Genesis executed a certificate of examination concerning the judgment-by-confession provision.

Press Rentals, which was formerly known as Eagle North America, brings this action against Genesis and Michael K. Hodges for breach of contract and for enforcement of the settlement agreement signed by the parties. Press Rentals seeks to recover "approximately" $159,376.35, which is the total of the $152,000 less $101,200.03 in payments made by Genesis, plus interest of 10% accrued on the balance due on the principal sum from June 26, 2009 ($5,233.09) and all attorney's fees and costs incurred by Press Rentals with respect with the underlying action and the enforcement of the settlement agreement.

Press Rentals alleges that Genesis failed to make the payment of $8,466.67 that was due on May 26, 2010, on time. Compl. ¶ 20. Eagle notified Genesis of its failure to make the payment on May 27, 2010. A check from Genesis Water Inc. was delivered to Eagle on June 1, 2010; the check was dated May 28, 2010. Id. ¶ 21. Eagle accepted this check even though it was late, but the bank would not honor the check because the Genesis Water account from which it was written did not contain sufficient funds. Id. ¶ 22. Genesis contacted Eagle on June 16, 2010, to acknowledge that the check it had tendered to Eagle had not been honored by the bank, but Genesis did not pay the money it owed to Eagle at this time. Genesis sent a check to Eagle on June 26, 2010, but Eagle did not cash it.

On July 8, 2010, Eagle notified Genesis in writing of Genesis' breach of the settlement agreement for failure to make a timely payment on May 26 and demanded payment of $159,376.35 in accordance with the Cognovit Clause. Id. ¶ 25. Genesis did not acknowledge this demand; instead, it sent to Eagle several checks for $8,466.67 on July 26, August 13, August 26, and one for $6,933.34 on September 3, none of which Eagle cashed.

On October 13, 2010, District Judge Fogel signed and entered the Judgment by Confession submitted by Eagle. Compl., Ex. C. Genesis moved for relief from such judgment on the grounds that the entry of the judgment was procedurally void under the Federal Rules of Civil Procedure. On March 28, 2011, District Judge Fogel issued an order granting Genesis' motion and stating that the Federal Rules of Civil Procedure require a party seeking to enforce a judgment by confession to

3

file a complaint under Rule 3 and to serve a summons under Rule 4. Compl. Ex. 4. This action follows. This court has jurisdiction over this action under 28 U.S.C. § 1332.

### B. Third-party claims against Blue Earth, Inc. and U.S. Bank

Genesis alleges that Genesis Fluid Solutions Holdings, which is now Blue Earth, Inc., breached its agreement to pay for Genesis's outstanding debts. Third-party Compl. ¶¶ 17–18, ECF No. 48.

Pursuant to a reverse merger transaction, Genesis Fluid Solutions, Ltd. became the wholly-owned subsidiary of Genesis Fluid Solutions Holdings, Inc. Id. ¶ 17. Out of this reverse merger transaction Genesis Fluid Solutions Holdings, Inc. agreed to pay outstanding debts and obligations of Genesis. Id. at ¶ 18. Genesis claims to have informed Blue Earth of its obligations under its settlement agreement with Eagle, and Blue Earth made payments of $8,466.67 to Eagle pursuant to the settlement agreement from August 2009 to April 2010. Id. ¶¶ 19–21. Blue Earth failed to make a payment due on May 26, 2010. Id. ¶ 23. On May 28, 2010, Genesis gave a check to Eagle for $9,000 to cover the May 26 payment, but when Eagle tried to cash the check, U.S. Bank refused to honor the check for lack of sufficient funds. Id. ¶ 27. When Genesis inquired as to the bank's refusal to honor the check, U.S. Bank sent to Genesis a letter stating that its failure to honor the check was an error because the account at issue had sufficient funds at the time of the attempted withdrawal. Id. ¶ 28. Genesis sent this letter to Eagle, along with multiple checks to cover the payments required by the settlement agreement. Id. ¶¶ 29–31. Eagle did not cash any of the checks; instead, it filed the complaint against Genesis discussed in the previous section. Genesis claims that because of the acts or omissions of Blue Earth and U.S. Bank, it has and will incur significant costs and attorney's fees in defending against Eagle's claims. Id. ¶ 41.

Genesis brings three claims against Blue Earth, all of which arise out of Blue Earth's failure to make the May 26, 2010, payment to Eagle: (1) breach of contract; (2) promissory estoppel; and (3) negligence. These claims are counts one through three of the third-party complaint. Genesis also brings three claims against U.S. Bank, all of which arise out of U.S. Bank's failure to honor the check Genesis wrote to cover the May 26, 2010, payment: (1) breach of contract; (2) wrongful dishonor; and (3) negligence. These claims are counts four through six of the third-party complaint.

4

All claims in the third-party complaint arise out of California law. The court has jurisdiction over the third-party complaint under 28 U.S.C. § 1367.

## II.   LEGAL STANDARDS

### A. Motion to dismiss

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may therefore be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. Moreover, anything beyond the pleadings generally may not be examined. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). But "material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555.

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "A district court's failure to consider the relevant factors and articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion." Id.

### B.   Motion for judgment on the pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Federal Rule of Civil Procedure 7(a) prescribes

5

when the pleadings are closed for the purposes of a motion for judgment on the pleadings, as it "defines what filings are considered pleadings and declares which pleadings shall be filed with the district court." See Doe v. United States, 419 F.3d 1058, 1061 (9th Cir. 2005) (citation omitted). Only the following pleadings are allowed under Rule 7(a): "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." Id.

## III. DISCUSSION

### A. Blue Earth's motion to dismiss is granted with leave to amend

#### 1. The court has subject matter jurisdiction over the third party complaint

Blue Earth argues that Genesis and Hodges have not established that this court has subject matter jurisdiction over this action, as the claims in the third-party complaint do not satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332. This court finds that it has jurisdiction of the third-party complaint under 28 U.S.C. § 1367(a), as the claims in the third-party complaint form part of the same case or controversy as the claims in the original complaint brought by Press Rentals. See 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.").

Although the third party complaint fails to plead enough facts to supports its claim, it is clear from that the third party complaint is of an indemnificatory nature and thus falls under the ambit of Rule 14. Just because the third party complaint pleads a breach of contract claim rather than "equitable contribution" is not dispositive; the allegations of the third party complaint, though presently insufficient, do support the exercise of supplemental jurisdiction.

**2.     The ripeness doctrine does not bar Genesis from going forward**

Rule 14 allows a defendant to implead a third party for indemnification purposes before being held definitively liable. See Fed. R. Civ. P. 14(a)(1). The uncertainty of the nature or amount of Genesis's liability does not preclude a third party complaint on ripeness grounds.

**3.     The third party complaint fails to state a claim for breach of contract**

To state a claim for breach of contract under California law, a plaintiff must plead: (1) the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damages to the plaintiff. Careau & Co. v. Security Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1389 (Cal. Ct. App. 1990) (citation omitted).

Here, Genesis and Hodges fail to allege the contract with sufficient specificity. As discussed above, a plaintiff must plead "the contract either by its terms, set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference, or by its legal effect." North County, 685 F. Supp. 2d at 1122 (citation omitted). Genesis and Hodge state conclusorily that "Third-Party Plaintiff Genesis Fluid Solutions, Ltd. and Third-Party Defendant Blue Earth, formerly Genesis Fluid Solutions Holdings, Inc., entered into an agreement whereby Blue Earth agreed to pay the financial debts and obligations of Third-Party Plaintiff Genesis." Third-party Compl. ¶ 43. This allegation is insufficiently detailed to give notice to Blue Earth of the contract alleged to be breached. Accordingly, count one of the third-party complaint is dismissed with leave to amend.

**4.     The third party complaint fails to state a claim for promissory estoppel**

To state a claim for promissory estoppel under California law, a plaintiff must plead: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." Laks v. Coast Fed. Sav. & Loan Ass'n, 60 Cal. App. 3d 885, 890 (Cal. Ct. App. 1976). "[A] promise must be definite enough that a court can determine the scope of the duty and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." Glen Holly Entertainment, Inc. v. Tektronix Inc., 343 F.3d 1000, 1017 (9th Cir. 2003) (quoting Ladas v. Cal. State Auto. Ass'n, 19 Cal.App.4th 761, 770 (Cal.

Ct. App. 1993)). "[A] promise that is vague, general or of indeterminate application is not enforceable." Aguilar v. Int'l Longshoremen's Union Local 10, 966 F.2d 443, 446 (9th Cir. 1992) (citation omitted).

The third party complaint alleges that as a result of a reverse merger transaction, "Blue Earth, Inc.[] agreed to pay outstanding debts and obligations of Genesis." Third Party Compl. ¶ 18. The complaint does not specify which outstanding debts and obligations were covered. These may have been determined by whatever contract was involved in the reverse merger transaction, but Genesis has not adequately pleaded the existence of a contract in the first place. Moreover, the court cannot resolve Blue Earth's contention that the promissory estoppel claim fails as a matter of law due to consideration given for the promise because the complaint has not established that fact either.

### 5. The third party complaint fails to state a claim for negligence

To state a claim for negligence under California law, a plaintiff must allege: (1) duty; (2) breach of that duty; (3) injury resulting from the breach; and (4) damages. Huggins v. Longs Drug Stores California, Inc., 6 Cal. 4th 124, 129 (1993). The duty required for a negligence action cannot merely be an obligation created by an ordinary commercial contract. Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 989. "[C]onduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law." Erlich v. Menezes, 21 Cal. 4th 543, 551 (1999).

It appears that the relationship between Blue Earth and Genesis is entirely contractual (although the contract has not been sufficiently pleaded), and that no duty or harm has been alleged that would fall outside the scope of that contract. The economic loss rule discussed in Robinson Helicopter thus appears to bar the negligence claim, but out of an abundance of caution the court will allow leave to amend because the relationship between Blue Earth and Genesis is not sufficiently clear.

### B. U.S. Bank's motion to dismiss is granted with leave to amend

U.S. Bank moves to dismiss counts four through six of Genesis' third-party complaint. It argues that it did not owe a duty of care to Genesis or Hodges because neither of them were its

1  customers, and that no contract existed between it and Genesis and Hodges. All three counts fail to
2  state a claim as presently written because they do not adequately establish the basis of the
3  relationship that Genesis and Hodges have with U.S. Bank.

### 1. The third party complaint fails to state a claim for breach of contract

To state a claim for breach of contract under California law, a plaintiff must plead: (1) the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damages to the plaintiff. Careau & Co, 222 Cal. App. 3d at 1389.

The first of these elements requires the plaintiff to plead "the contract either by its terms, set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference, or by its legal effect." North County Commc'ns Corp. v. Verizon Global Networks, Inc., 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010) (citation and internal quotation marks omitted).

Here, Genesis and Hedges fail to sufficiently plead the contract. In the third-party complaint, Genesis and Hedges state conclusorily that "Third-Party Plaintiffs entered into a banking relationship with Third-Party Defendant U.S. Bank which was governed by a written and/or oral agreement." Third-party Compl. ¶ 57. As this allegation contains none of the relevant terms of the alleged contract, it is insufficient to give notice to U.S. Bank under Rule 8. Accordingly, Genesis and Hedges fail to state a claim for breach of contract.

Genesis and Hedges argue that, under the federal pleading standards, "a claim is not defective just because it does not state the contract terms verbatim or attach a copy of the contract." Opp'n at 10, Dkt. No. 87. This argument is misguided. "Under the federal rules, a plaintiff may set forth the contract verbatim in the complaint or plead it, as indicated, by exhibit, or plead it according to its legal effect." See Boland, Inc. v. Rolf C. Hagen (USA) Corp., 685 F. Supp. 2d 1094, 1102 (E.D. Cal. 2010) (citing Fed. R. Civ. P. Official Form 3, 12; and Fed. R. Civ. P. 84). Thus, when the complaint fails to allege the contract verbatim or fails to attach it as an exhibit, it can be legally sufficient only when it pleads the contract's legal effect. Here, the legal effect of the alleged contract is absent from the complaint.

Even if the third party plaintiffs do not have a copy of the contract and are unable to quote its terms, they can at the very least allege whose name is on the account, who is authorized to sign, and other facts that are undoubtedly in their possession or knowledge. Mere allegations of a "banking relationship" do not support a contract.

Although Genesis and Hedges make allegations in their opposition to U.S. Bank's motion concerning the contractual relationship between Hodges and U.S. Bank, the court cannot consider these allegations for the purposes of determining a 12(b)(6) motion unless they are in the complaint. Accordingly, count four of the complaint is dismissed with leave to amend.

### 2.     The third party complaint fails to state a claim for wrongful dishonor

Under California Commercial Code Section 4402(b), "[a] payor bank is liable to its customer for damages proximately caused by the wrongful dishonor of an item. Liability is limited to actual damages proved and may include damages for an arrest or prosecution of the customer or other consequential damages." California Commercial Code Section 4104(a)(5) defines "customer" as "a person having an account with a bank or for whom a bank has agreed to collect items, including a bank that maintains an account at another bank."

Here, Genesis and Hodges have not alleged sufficient facts to show that they were customers of U.S. Bank within the meaning of section 4104. As discussed in the previous section, the complaint is devoid of facts showing what kind of agreement existed between U.S. Bank and Genesis and Hodges. Accordingly, count five of the complaint is dismissed with leave to amend.

### 3.     The third party complaint fails to state a claim for negligence

To state a claim for negligence under California law, a plaintiff must allege: (1) duty; (2) breach of that duty; (3) injury resulting from the breach; and (4) damages. Huggins v. Longs Drug Stores California, Inc., 6 Cal. 4th 124, 129 (Cal. 1993).

Here, Genesis and Hodges fail to allege facts showing that U.S. Bank owed them a duty of care, because they have not alleged sufficient facts showing that they were U.S. Bank's customers within the meaning of California Commercial Code 4104 or that they had any contractual relationship with U.S. Bank, as discussed in the previous sections. See Rodriguez v. Bank of the West, 162 Cal. App. 4th 454, 461 (Cal. Ct. App. 2008) ("A bank's basic duty of care—to act with

reasonable care in its transactions with its customers—arises out of the bank's contract with its customer.") (citing Cal. Com. Code § 4104(a)(5)). Accordingly, count six of the third-party complaint is dismissed with leave to amend.

### C. Press Rentals' motion for judgment on the pleading is denied as premature

Press Rentals seeks moves for judgment on the pleadings against Defendants Genesis and Hodges with respect to its breach of contract claim and its request for the enforcement of the settlement agreement. In the alternative, it moves for summary judgment on the same claims.

Because the third-party defendants have not filed an answer to the third-party complaint brought by Genesis and Hodges, the pleadings are not yet closed. Accordingly, Press Rentals' request for judgment on the pleadings is premature. See Moran v. Peralta Community College District, 825 F. Supp. 891, 894 (N.D. Cal. 1993) (holding that "a Rule 12(c) motion must await the answers of all defendants"); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2012 supp.) ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings.").

The court will likewise defer ruling on the summary judgment motion until the pleadings are closed. Plaintiff may re-file the motion once the case is at issue.

### IV. ORDER

Based on the foregoing, the Motions to Dismiss the third party complaint (Docket Item Nos. 62, 65, 85) are GRANTED. All claims in Defendants' third party complaint are DISMISSED WITH LEAVE TO AMEND. Any amended third party complaint shall be filed within 14 days of the date of this order.

Plaintiff's motion for judgment on the pleadings (Docket Item No. 90) is DENIED WITHOUT PREJUDICE as premature. Plaintiff may re-file its motion for judgment on the pleadings and its motion for summary judgment once the pleadings are closed.

1   The motions to appear by telephone (Docket Item Nos. 71, 72) are TERMINATED AS
2   MOOT.
3   **IT IS SO ORDERED.**
4   Dated: August 31, 2012



EDWARD J. DAVILA
United States District Judge