UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRESS RENTALS INC. f/k/a EAGLE NORTH AMERICA INC., <br><br> Plaintiff, <br><br> v. <br><br> GENESIS FLUID SOLUTIONS LTD. and MICHAEL K. HODGES, <br><br> Defendants / Third-party Plaintiffs, <br><br> v. <br><br> BLUE EARTH INC. f/k/a GENESIS FLUID SOLUTIONS HOLDINGS INC., U.S. BANCORP, and U.S. BANK N.A., <br><br> Third-party Defendants. | Case No.: 5:11-CV-02579 EJD <br><br> **ORDER GRANTING U.S. BANCORP AND U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS GENESIS FLUID SOLUTIONS AND MICHAEL K. HODGES' AMENDED THIRD-PARTY COMPLAINT** <br><br> [Re: Docket No. 101] |

The above-captioned suit involves an action originally brought by Plaintiff Press Rentals Inc. ("Press Rentals") against Genesis Fluid Solutions Ltd ("Genesis Fluid Solutions") and Michael K. Hodges ("Hodges"). Genesis Fluid Solutions and Hodges (collectively "Third-Party Plaintiffs") have brought a third-party complaint against Third-Party Defendants Blue Earth Inc. ("Blue Earth"), U.S. Bancorp ("Bancorp"), and U.S. Bank N.A. ("U.S. Bank").

1

Case No.: 5:11-CV-02579 EJD
ORDER GRANTING U.S. BANCORP AND U.S. BANK NATIONAL ASSOCIATION'S
MOTION TO DISMISS GENESIS FLUID SOLUTIONS AND MICHAEL K. HODGES'
AMENDED THIRD-PARTY COMPLAINT

Presently before the Court is Bancorp and U.S. Bank's Motion to Dismiss the Amended Third Party Complaint. The Court found these matters appropriate for decision without oral argument pursuant to Local Civil Rule 7–1(b), and previously vacated the corresponding hearing date. The Court has jurisdiction over this action under 28 U.S.C. §§ 1332 and 1367. Having fully reviewed the parties' papers the Court will GRANT the present Motion to Dismiss.

**I.   Background**

    **A.   Factual Background**

This case is the offspring of litigation between Press Rentals (formerly known as Eagle North America Inc.) and Genesis Fluid Solutions. See Eagle North America Inc. v. Genesis Fluid Solutions, LTD, No. 08-CV-02060-RMW (N.D. Cal.). Hodges was a named defendant in that litigation as Genesis Fluid Solutions' Chief Executive Officer and Director. Am. Third-Party Compl. ¶ 29. In June 2009, the parties reached a settlement agreement (hereinafter "Settlement Agreement") in which Genesis Fluid Solutions agreed to pay Eagle North America $25,000 on or before July 26, 2009; thereafter, it was required to pay fifteen monthly installments of $8,466.67 on the 26th day of each month starting in August 2009. Compl., Docket Item No. 1, Ex. A, Settlement Agreement, § 1.

The Settlement Agreement includes a clause stating that "time is of the essence regarding the payment schedule" and that "each and every payment must be delivered in hand to Eagle on or before the due date." Id. The agreement also contained a "Cognovit Clause" that allows for the entry of a judgment by confession in the event of a breach by Genesis Fluid Solutions:

> In the event that Genesis does not fully comply with the payment provisions of this Agreement within the time periods stated herein, Eagle is permitted to file the attached Judgment by Confession documents with the Court. (Exhibits A, B, and C hereto). The Judgment by Confession will expressly include the principal sum of One Hundred Fifty Two Thousand Dollars ($152,000.00), less any payments made by Genesis, plus interest thereon accrued at the legal rate of ten percent (10%) per annum from June 26, 2009, plus attorney's fees and costs—in amount according to proof—incurred by Eagle prior to June 26, 2009 in the United States District Court,

2

Case No.: 5:11-CV-02579 EJD
ORDER GRANTING U.S. BANCORP AND U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS GENESIS FLUID SOLUTIONS AND MICHAEL K. HODGES' AMENDED THIRD-PARTY COMPLAINT

Northern District of California, San Jose Division, Case No. C08 02060 RMW, plus any attorney's fees and costs incurred by Eagle in connection herewith after June 26, 2009.

Id. § 4.

On October 30, 2009, pursuant to a reverse merger transaction, Genesis Fluid Solutions became the wholly-owned subsidiary of Genesis Fluid Solutions Holdings, Inc., which is now known as Blue Earth Inc. ("Blue Earth"). Am. Third Party Compl. ¶ 18. Pursuant to this merger, Blue Earth became obligated to pay the outstanding debts and obligations of Genesis Fluid Solutions. Id. ¶ 21. Genesis Fluid Solutions alleges that that it informed Blue Earth of its obligations under the Settlement Agreement with Press Rentals. Id. ¶¶ 21–22. Genesis Fluid Solutions also alleges that Blue Earth made monthly payments to Press Rentals until May 2010. Id. ¶¶ 25–26, 31. By April 27, 2010, Press Rentals had received a total of $101,200.30, and a balance of $50,799.97 remained due on the Agreement. Id. ¶ 31.

Third-Party Plaintiffs allege that Blue Earth failed to make a payment that was due on May 26, 2010. Id. ¶ 32. When Hodges became aware of this, he attempted to draw a check from the account of Genesis Fluid Solutions, but he did not have access to that account as it was controlled by Blue Earth. Id. ¶ 34. On or around May 26, 2010, Hodges formed Genesis Water, Inc. ("Genesis Water") and set up a bank account with U.S. Bank with the sole purpose of depositing funds and forwarding them to Press Rentals as payment. Id. ¶¶ 35–42. Hodges avers that he transferred $9,000 of his personal funds to this newly created Genesis Water account so as to cover the missed payment. Id. ¶ 43. On or around May 28, 2010, he then wrote a check in the amount of $9,000 from the Genesis Water account and sent it to Press Rentals. Id. ¶ 44. After Press Rentals received and accepted the check, Hodges alleges, U.S. Bank refused to honor the check, claiming that there were insufficient funds in the account. Id. ¶¶ 48–50.

On July 8, 2010, Press Rentals notified Genesis Fluid Solutions in writing of its breach of the settlement agreement for failure to make a timely payment on May 26, 2010 and demanded payment of $159,376.35 in accordance with the Cognovit Clause. Id. ¶¶ 51, 54. Genesis Fluid

Case No.: 5:11-CV-02579 EJD
ORDER GRANTING U.S. BANCORP AND U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS GENESIS FLUID SOLUTIONS AND MICHAEL K. HODGES' AMENDED THIRD-PARTY COMPLAINT

Solutions did not acknowledge this demand; instead, it sent to Press Rentals several checks for $8,466.67 in July, August, and September of 2010, one for $6,933.34 on September 3, none of which Press Rentals cashed. Id. ¶¶ 52–53.

### B. Procedural History

As a result of these events, Press Rentals sought to enforce the Cognovit Note by filing a Judgment by Confession with this Court. Id. ¶ 57. On October 12, 2010, District Judge Jeremy Fogel signed and entered the Judgment by Confession. See Compl. Ex. C. Genesis Fluid Solutions moved for relief from such judgment on the grounds that the entry of the judgment was procedurally void under the Federal Rules of Civil Procedure. On March 28, 2011, District Judge Fogel issued an order granting Genesis Fluid Solutions' motion and stating that the Federal Rules of Civil Procedure require a party seeking to enforce a judgment by confession to file a complaint under Rule 3 and to serve a summons under Rule 4. See Compl. Ex. D.

On May 27, 2011, Press Rentals filed a Complaint in this Court against Genesis Fluid Solutions and Hodges alleging breach of the Settlement Agreement. See Compl., Docket Item No. 1. On November 22, 2011, Genesis Fluid Solutions and Hodges filed a Third-Party Complaint against Third-Party Defendants Blue Earth, U.S. Bancorp, and U.S. Bank N.A. bringing claims that arose out of the alleged payment failure of May 2010. See Docket Item No. 48. On August 31, 2012, this Court issued an Order dismissing the Third-Party Complaint with leave to amend. See Docket Item No. 97 ("8/31/2012 Order").

On September 14, 2012, Third-Party Plaintiffs Genesis Fluid Solutions and Hodges filed an Amended Third-Party Complaint. See Docket Item No. 100. In this complaint, Third-Party Plaintiffs brought three claims against Blue Earth for breach of contract, promissory estoppel, and negligence; and three claims against U.S. Bank and Bancorp for breach of contract, wrongful dishonor, and negligence. Id. Third-Party Plaintiffs seek damages of at least $159,376.35, a figure

4
Case No.: 5:11-CV-02579 EJD
ORDER GRANTING U.S. BANCORP AND U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS GENESIS FLUID SOLUTIONS AND MICHAEL K. HODGES' AMENDED THIRD-PARTY COMPLAINT

that represents that amount Press Rentals seeks in its breach of contract action. All claims in the Amended Third-Party Complaint arise out of California law.

On October 1, 2012 Third-Party Defendants U.S. Bank and U.S. Bancorp filed the present Motion to Dismiss the Amended Third-Party Complaint. See Docket Item No. 101. On December 11, 2012, the Court granted the Stipulated Dismissal of the Amended Third-Party Complaint against Blue Earth, dismissing all claims asserted against Blue Earth with prejudice. See Docket Item No. 112.

**II.   Legal Standard for Motion to Dismiss**

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may therefore be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must accept as true all "well pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. Moreover, anything beyond the pleadings generally may not be examined. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). But "material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555.

5
Case No.: 5:11-CV-02579 EJD
ORDER GRANTING U.S. BANCORP AND U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS GENESIS FLUID SOLUTIONS AND MICHAEL K. HODGES' AMENDED THIRD-PARTY COMPLAINT

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "A district court's failure to consider the relevant factors and articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion." Id.

### III. Discussion

As an initial matter, the Court notes that Third-Party Plaintiffs do not appear to dispute the Motion to Dismiss with regard to any claims that may have been brought by or on behalf of Genesis Fluid Solutions. Third-Party Pl.'s Opp'n to Third-Party Def.'s Mot. to Dismiss, Docket Item No. 105, at 15 (". . . [T]he allegations in the Amended Third-Party Complaint make it clear that Genesis Fluid Solutions, Ltd. has not refiled the claims against U.S. Bank. All of the allegations relate to the relationship between Hodges and Bank."). As such, the Court grants the motion in that regard with prejudice.

The Court will now turn to each of the claims brought by Third-Party Plaintiff Hodges.

#### A. Breach of Contract

Hodges has alleged that Third-Party Defendants have breached a contract with him by "wrongfully dishonoring the May 28, 2010 check when there were sufficient funds in the account to cover the amount of the check." Am. Third-Party Compl. ¶ 83. California contracts in a diversity case "will be interpreted so as to reach the same results as would be reached in a California court." Republic Pictures Corp. v. Rogers, 213 F.2d 662, 664 (9th Cir. 1954). Under California law, a claim for breach of contract requires: "(1) existence of the contract; (2) plaintiff's performance or excuse of nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008).

Hodges has failed to meet this first element in that he has not sufficiently pleaded a contract or contractual relationship between him and Third-Party Defendants. Hodges asserts that he entered into a "banking relationship" with U.S. Bank that was "governed by a written and/or oral agreement(s)." Am. Third-Party Compl. ¶¶ 80–81. In failing to point to a specific and particular contract, this pleading does not give the Third-Party Defendants fair notice as to the basis of Hodges' alleged contract-based claim so as to meet the Rule 8 pleading standard. See Twombly, 550 U.S. at 555.

Moreover, Hodges has not sufficiently pleaded the specific provisions of the alleged agreement which he asserts Third-Party Defendants have breached. "In an action for breach of a written contract, a plaintiff must allege the specific provisions in the contract creating the obligation the defendant is said to have breached." Young v. Facebook, Inc., 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011) (citing Miron v. Herbalife Int'l Inc., 11 Fed. App'x 927, 929 (9th Cir. 2001). Hodges contends that his pleading is sufficient because he has pleaded the "legal effect" of the contract: "The legal effect of the terms of this written and/or oral agreement(s) was that Third-Party Defendant U.S. Bank had a contractual obligation to Hodges to honor checks drawn from the account when there were sufficient funds in the account to cover the amount of the check." Am. Third-Party Compl. ¶ 82; see also Third-Party Pl.'s Opp'n 5–6. While this Court suggested in the 8/31/2012 Order that a pleading could plead a contract's legal effect rather than the terms verbatim, see 8/31/2012 Order at 9, a plaintiff must still make factual allegations pointing to the existence of a contract and supporting that the contract contained the terms the would give rise to the asserted legal effect. See Zepeda v. PayPal, 777 F. Supp. 2d 1215, 1220 (N.D. Cal. 2011) (dismissing the plaintiffs' breach of contract claim against PayPal because Plaintiffs failed to identify any provision in PayPal's user agreement which prohibited PayPal's alleged conduct, and because PayPal's user agreement included two provisions which expressly permitted PayPal's conduct); Woods v. Google, Inc., No. 5:11-CV-1263, 2011 WL 3501403, *5 (N.D. Cal. Aug. 10, 2011) (dismissing a breach of contract claim because the plaintiffs failed to show that Google breached

7
Case No.: 5:11-CV-02579 EJD
ORDER GRANTING U.S. BANCORP AND U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS GENESIS FLUID SOLUTIONS AND MICHAEL K. HODGES' AMENDED THIRD-PARTY COMPLAINT

any actual promise in its Help Center statements); Boland, Inc. v. Rolf C. Hagen (USA) Corp., 685 F. Supp. 2d 1094, 1102 (E.D. Cal. 2010) (finding that a pleading of the legal effect of a contract was sufficient but only where the plaintiff supported its assertions with facts and testimonial evidence pointing to the plausible existence of contractual terms that would give rise to the asserted legal effect). Because his pleadings contain insufficient factual allegations pointing to the alleged contractual terms and their legal effect, Hodges' breach of contract claim must fail.

### B. Wrongful Dishonor

Hodges has also brought forth a claim for wrongful dishonor. Under the California Commercial Code, "[a] payor bank is liable to its customer for damages proximately caused by the wrongful dishonor of an item. Liability is limited to actual damages proved and may include damages for an arrest or prosecution of the customer or other consequential damages." Cal. Com. Code § 4402(b). The Code defines a "customer" as "a person having an account with a bank or for whom a bank has agreed to collect items, including a bank that maintains an account at another bank." Id. § 4104(a)(5). For the reasons explained above, Hodges has failed to establish a contractual relationship with U.S. Bank sufficient to withstand a motion to dismiss and thus cannot avail himself of the wrongful dishonor provision of the Code.

In addition, the Amended Third-Party Complaint contains allegations that the holder of the alleged account with U.S. Bank was not Hodges, but rather the entity known as Genesis Water, Inc. Am. Third-Party Compl. ¶ 38 ("Hodges set up a bank account with Third-Party Defendant U.S. Bank under the name Genesis Water, Inc."). Hodges only contends that he was the sole officer and shareholder of Genesis Water. Id. ¶¶ 36–37. Generally, a bank does not owe a duty to the shareholder of a corporate accountholder for the purposes of wrongful dishonor. See Kendall Yacht Corp. v. United Cal. Bank, 50 Cal. App. 3d 949, 956 (1975) ("We would certainly not hold as a general proposition that the shareholders or officers of a corporation could recover under section 4402 for the wrongful dishonor of a corporation check."); Am. Nat. Bank v. Stanfill, 205

Cal. App. 3d 1089, 1101 (1988) ("We, too, do not hold as a general proposition that shareholders or officers of a corporation could recover for mishandling of a corporate account."). Courts have created a limited exception in cases where an individual shareholder or officer had issued personal guarantees on the corporate account and engaged in consistent personal dealings with the bank. Kendall, 50 Cal. App. 3d at 956; Karsh v. Am. City Bank, 113 Cal. App. 3d 419, 421 (1980). The rationale for this exception is that it would be foreseeable that the bank's dishonoring the corporate checks would adversely affect the personal credit and reputation of the guaranteeing individual incorporator, officer, or shareholder. Kendall, 50 Cal. App. 3d at 956.

The facts alleged in the Amended Third-Party Complaint do not give rise to this exception as applied in the Kendall, Stanfill, and Karsh cases. Hodges has not alleged that he afforded personal guarantees on behalf of Genesis Water or that it was immediately apparent that Genesis Water was not a separate corporate entity. Nor has Hodges alleged facts showing that it was foreseeable that a dishonor or mismanagement of the Genesis Water account would result in harm to his personal credit and reputation generally, let alone vis-à-vis the Settlement Agreement with Press Rentals. Accordingly, Hodges' claim of wrongful dishonor must also fail. See Roy Supply, Inc. v. Wells Fargo Bank, 39 Cal. App. 4th 1051 (1995) (finding that in the absence of an "extraordinary circumstance" where a noncustomer was a corporate alter-ego or had personally guaranteed the debts of the corporate accountholder, a bank is only liable to the corporate customer for alleged mishandling of the account).

### C. Negligence

Hodges' final cause of action against U.S. Bank and Bancorp is one for negligence. To state a claim for negligence under California law, a plaintiff must allege: (1) duty; (2) breach of that duty; (3) injury resulting from the breach; and (4) damages. Huggins v. Longs Drug Stores California, Inc., 6 Cal. 4th 124, 129 (1993). Here, Hodges claims that U.S. Bank acted negligently in failing to honor the May 28, 2010 check. Am. Third-Party Compl. ¶¶ 94–97. However, as

9
Case No.: 5:11-CV-02579 EJD
ORDER GRANTING U.S. BANCORP AND U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS GENESIS FLUID SOLUTIONS AND MICHAEL K. HODGES' AMENDED THIRD-PARTY COMPLAINT

explained above, Hodges has not sufficiently established a contractual relationship or contractual breach, nor has he established that he was a "customer" of U.S. Bank for the purpose of his wrongful dishonor claim. See Rodriguez v. Bank of the West, 162 Cal. App. 4th 454, 461 (2008) ("A bank's basic duty of care—to act with reasonable care in its transactions with its customers—arises out of the bank's contract with its customer.") (citing Cal. Com. Code § 4104(a)(5)). Accordingly, Hodges' claim of negligence will be dismissed as well.

### IV. Conclusion and Order

For the foregoing reasons the Court grants U.S. Bank and Bancorp's Motion to Dismiss in its entirety. Claims that have been brought by or on behalf of Third-Party Plaintiff Genesis Fluid Solutions will be dismissed with prejudice. Claims brought by or on behalf of Third-Party Plaintiff Hodges will be dismissed without prejudice. Hodges shall file any amended complaint within 30 days of the date this Order is filed.

**IT IS SO ORDERED.**

Dated: February 6, 2013



EDWARD J. DAVILA
United States District Judge

10
Case No.: 5:11-CV-02579 EJD
ORDER GRANTING U.S. BANCORP AND U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS GENESIS FLUID SOLUTIONS AND MICHAEL K. HODGES' AMENDED THIRD-PARTY COMPLAINT