United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRESS RENTALS, INC. f/k/a EAGLE NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GENESIS FLUID SOLUTIONS, LTD. and MICHAEL K. HODGES, <br><br><br> Defendants. | Case No.: 5:11-CV-02579-EJD <br><br> **ORDER GRANTING PLAINTIFF'S ATTORNEY'S FEES** <br><br><br> **[Re: Docket No. 133]** |

Presently before the court is Plaintiff Press Rentals, Inc.'s ("Plaintiff") Motion for Attorney's Fees.  Dkt. No. 133.  Plaintiff seeks $109,929 in fees from Defendants Genesis Fluid Solutions, LTD and Michael K. Hodges (collectively, "Defendants") based on the attorney's fees provision contained in a settlement agreement between them.  Having carefully considered the relevant documents, the court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7–1(b).  The hearing scheduled for September 12, 2014 will, therefore, be VACATED.  For the reasons stated below, Plaintiff's motion will be GRANTED after a reduction in the amount requested.

I.      **BACKGROUND**

        The extensive factual and procedural background of this case can be found in this court's January 3, 2014 order granting in part and denying in part Plaintiff's motion for judgment on the

1

pleadings.  <u>See</u> Dkt. No. 127.  Briefly, the facts pertaining to the instant matter are as follows:

This case is the offspring of litigation that occurred in 2008 between Press Rentals, Inc. (formerly known as Eagle North America, Inc.) and Genesis Fluid Solutions.  No. 08-CV-02060-RMW (N.D. Cal.).  That case resulted in a settlement agreement reached by the parties on June 26, 2009.  No. 11-CV-02579-EJD, Dkt. No. 1, Compl., Ex. A, Settlement Agreement.  The settlement agreement provided that Genesis Fluid would make monthly payments to Press Rentals (then-Eagle North America) until November 2010.[1]  <u>Id.</u> at § 1.  The agreement included a cognovit clause stating that if Genesis Fluid does not comply with the payment schedule, then Press Rentals would be permitted to file with the court the judgment by confession documents attached to the settlement agreement, which would include the principal sum of $152,000, less any payments made by Genesis, plus interest and "plus any all attorney's fees and costs incurred by [Press Rentals] in connection herewith after June 26, 2009."  <u>Id.</u> at § 4.   The settlement agreement was signed by both parties in July 2009.  <u>Id.</u> at § 22.

Monthly payments were made to Press Rentals until May 2010, when Genesis Fluid failed to make a payment.  Dkt. No. 133 at 3.  In July 2010, Press Rentals told Genesis about this breach of the settlement agreement and demanded payment in accordance with the cognovit clause.  <u>Id.</u>  Genesis did not acknowledge this demand, but instead sent Press Rentals several checks in July, August, and September 2010, none of which Press Rentals cashed.  <u>Id.</u>

In May 2011, Press Rentals commenced the instant action alleging breach of the settlement agreement.  Dkt. No. 1.  In January 2014, this court issued an order granting in part and denying in part Plaintiff's motion for judgment on the pleadings, and in April 2014, final judgment in favor of

---

[1] Genesis Fluid would pay then-Eagle North America $25,000 on or before July 26, 2009, and thereafter pay fifteen monthly installments of $8,466.67 on the 26th day of each month starting in August 2009.

Case No.: 5:11-CV-02579-EJD
ORDER GRANTING PLAINTIFF'S ATTORNEY'S FEES

the Plaintiff was entered.  Dkt Nos. 127, 132.  On April 30, 2014, Plaintiff filed the instant Motion

for Attorney's Fees.  Dkt. No. 133.  Defendants filed an opposition brief, and Plaintiff filed a reply

brief.  Dkt. Nos. 136, 137.

## II.      DISCUSSION

### A.      Entitlement to Attorney's Fees

"Under the American Rule, the prevailing litigant is ordinarily not entitled to collect

reasonable attorney's fees from the losing party;" however, a statute or enforceable contract can

overcome this default.  Travelers Cas. & Sur. Co. of Am. v. Pac. Gas and Elec. Co., 549 U.S. 443,

448 (2007) (internal citations and quotations omitted).  "In a diversity case, the law of the state in

which the district court sits determines whether a party is entitled to attorney fees, and the

procedure for requesting an award of attorney fees is governed by federal law."  Carnes v. Zamani,

488 F.3d 1057, 1059 (9th Cir. 2007).  Thus, state law governs the enforceability of a contract

provision providing for attorney's fees.  In California, Civil Code section 1717(a) governs fee

applications stemming from contract actions, providing:

> In any action on a contract, where the contract specifically provides that attorney's
> fees and costs, which are incurred to enforce that contract, shall be awarded either
> to one of the parties or to the prevailing party, then the party who is determined to
> be the party prevailing on the contract, whether he or she is the party specified in
> the contract or not, shall be entitled to reasonable attorney's fees in addition to
> other costs.

The court determines which party, if any, has prevailed on the contract for the purposes of

awarding fees.  Cal. Civ. Code § 1717(b)(1).  Under this section, the prevailing party on a contract

is the party that recovered a greater relief in the action on the contract.  Id. § 1717(b)(2).

Here, the settlement agreement entered into by both parties contains an attorney's fees

provision in its cognovit clause:

Case No.: 5:11-CV-02579-EJD
ORDER GRANTING PLAINTIFF'S ATTORNEY'S FEES

United States District Court
Northern District of California

Cognovit Clause.  In the event Genesis does not fully comply with the payment provisions of this Agreement within the time periods stated herein, Eagle is permitted to file the attached Judgment by Confession documents with the Court. (Exhibits A, B, and C hereto)  The Judgment by Confession will expressly include the principal sum of One Hundred Fifty Two Thousand Dollars ($152,000.00), less any payments made by Genesis, plus interest thereon accrued at the legal rate of ten percent (10%) per annum from June 26, 2009, plus attorney's fees and costs—in an amount according to proof—incurred by [Press Rentals] prior to June 26, 2009 in United States District Court, Northern District of California, San Jose Division [in the underlying case], *plus any all attorney's fees and costs incurred by [Press Rentals] in connection herewith after June 26, 2009.*

Dkt. No. 1, Compl., Ex. A, Settlement Agreement, § 4 (emphasis added).

The Ninth Circuit has provided that "the meaning of the Settlement Agreement [is] very much an independent dispute."  MHC Fin. Ltd. P'ship v. City of San Rafael, 714 F.3d 1118, 1132 (9th Cir. 2013).  If there is a provision in the settlement agreement that entitles the prevailing party to attorney's fees, the district court may award them to the prevailing party for its victory on the contract claims.  Id.  Since Plaintiff's requested attorney's fees is based on a settlement agreement, it can properly be considered an action "on a contract" that is sufficient to invoke Section 1717 and support the enforcement of the attorney's fee provision contained in the settlement agreement.

In addition, Plaintiff is plainly the prevailing party in this action.  This court's final judgment ruling was in favor of Plaintiff and it stated: "Plaintiff is awarded costs and attorney's fees incurred after June 26, 2009 that were expended or incurred in enforcing the Settlement Agreement, subject to submission of a Bill of Costs and/or Motion for Attorney's fees . . . ."  Dkt. No. 132 at 2.  Therefore, Plaintiff is entitled to reasonable attorney's fees pursuant to Section 1717 and the fee provision in the Settlement Agreement.

**B.     Reasonableness of Fees**

Having found Plaintiff eligible for an award of attorney's fees, the court must next consider the reasonableness of the requested fees.  The determination of whether requested fees

4

are reasonable is left to the court's discretion.  <u>Hancock Lab., Inc. v. Admiral Ins. Co.</u>, 777 F.2d 520, 526 (9th Cir. 1985).  Generally, the court begins by calculating the "lodestar," or the number of hours reasonably expended multiplied by the reasonable hourly rate.  <u>McCown v. City of Fontana</u>, 565 F.3d 1097, 1102 (9th Cir. 2009).  In addition, the court may consider:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases.

<u>LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.</u>, 791 F.2d 1334, 1341-42 (9th Cir. 1986) (internal citation omitted).  Ultimately, California law permits a judge to determine a reasonable fee based on his or her own knowledge and experience.  <u>See Scott, Blake & Wynne v. Summit Ridge Estates, Inc.</u>, 251 Cal. App. 2d 347, 358 (Cal. Ct. App. 1967).

Here, Plaintiff requests a fee award based on the work of four attorneys: Mr. Tice, a partner of the firm with 35 years of experience who bills at a rate of $275/hour; Mr. Campbell, a partner of the firm and counsel of record for Plaintiff with 14 years of experience who bills at a rate of $275/hour; Mr. Weisenberg, a former associate of the firm who billed at a rate of $210/hour; and Mr. Breen, a former associate who billed at a rate of $210/hour.[2]  Additionally, there is Mr. Richardson, a paralegal whose fee is $150/hour.  <u>See</u> Dkt. No. 133-1 at ¶ 11.  These billing rates appear to be in step with the range of rates awarded to similarly situated counsel.  <u>See, e.g.</u>, <u>Jimenez v. Suntrust Mortgage, Inc.</u>, 2014 WL 3945836, at *3 (N.D. Cal. Aug. 11, 2014)

---

[2] Mr. Tice customarily charges $300/hour and Mr. Campbell customarily charges $300/hour, but both reduced their fees in this case because of their longstanding relationship with the client.  <u>See</u> Dkt. No. 133-1 at ¶ 11.  Mr. Breen customarily charged $300/hour, but his fee was reduced because of his limited work on this case.  <u>Id.</u>  Mr. Weisenberg customarily charged $225/hour; there is no explanation of why his fee was reduced.  <u>Id.</u>

5

Case No.: 5:11-CV-02579-EJD
ORDER GRANTING PLAINTIFF'S ATTORNEY'S FEES

(Davila, J.) (in a similar case, it was reasonable that an attorney with four years of relevant experience billed at $235/hour and an attorney with five years of relevant experience billed at $250/hour); <u>Joseph v. Wachovia Morg. Corp.</u>, 2012 WL 714968, at *3 (N.D. Cal. Mar. 5, 2012) (Davila, J.) (attorneys' hourly rates ranging from $320 to $330 and paralegals' rates ranging from $135 to $160 were reasonable for the San Francisco Bay Area).  Accordingly, the court finds counsel's billing rates to be reasonable.

Plaintiff seeks a total award of $109,929 that includes billed fees, fees for the instant motion, and fees to respond to Defendants' opposition to the instant motion.[3]  Dkt. No. 133-1 at ¶ 14; Dkt. No. 137 at 5.  In dispute are three portions of Plaintiff's requested attorney's fees: (1) the $4,180 fee incurred through July 31, 2009; (2) the $19,245 fees incurred while Plaintiff pursued a judgment by confession; and (3) the $5,150 fee incurred in preparing the instant motion.  Dkt. No. 136 at 2.  The sum of the disputed portion is $28,575 of the requested $109,929 in attorney's fees. Each will be addressed in turn.

1.    The $4,180 Fee Incurred Through July 31, 2009

In its motion, Plaintiff requests $4,180 in attorney's fees that were incurred through July 31, 2009 and that related to the "preparation of the settlement agreement after it was put on the record before the court in June, and filing dismissals of the cross actions in the underlying matter." Dkt. No. 133-3 at 43.  Defendants argue that while the fees were incurred after June 26, 2009,[4] they are related to the underlying litigation and not related to the enforcement of the settlement

---

[3] In its motion, Plaintiff originally sought $106,629 consisting of $101,479 for billed fees and $5,150 for motion fees.  <u>See</u> Dkt. No. 133-1 at ¶ 14.  However, in its motion and reply brief, Plaintiff seeks an additional $3,300 for replying to Defendants' opposition to this motion.  <u>See id.</u>; Dkt. No. 137 at 5.  Thus, the total amount sought is $109,929.
[4] The settlement agreement's cognovit clause provides for attorney's fees incurred by plaintiff after June 26, 2009.  Dkt. No. 1, Compl., Ex. A, Settlement Agreement, § 4.  Also, this court's final judgment awards Plaintiff attorney's fees incurred after June 26, 2009 to enforce the settlement agreement.  Dkt. No. 132 at 2.

6

Case No.: 5:11-CV-02579-EJD
ORDER GRANTING PLAINTIFF'S ATTORNEY'S FEES

United States District Court
Northern District of California

agreement.  Dkt. No. 136 at 3.  Moreover, Defendants argue that because the breach of the

underlying contract did not occur until May 2010, fees incurred prior to that point should be

denied.  Id.  Plaintiff responds that the June 26, 2009 date is a bright line that was agreed to by the

parties and, as such, all fees incurred after this date should be awarded.  Dkt. No. 137 at 3.

In its order granting in part and denying in part Plaintiff's motion for judgment on the

pleadings, this court stated that only the attorney's fees and costs incurred after June 26, 2009 that

related to the enforcement of the settlement agreement would be approved.  Dkt. No. 127 at 20;

Dkt. No. 132 at 2.  This court is inclined to agree with Defendants that, although the $4,180 fee

was incurred after the June 26, 2009 date, Plaintiff's abstract of fees clearly states that the fee

"relate[s] to preparation of the settlement agreement . . . and filing dismissals of the cross actions

in the underlying matter."  This indicates that this fee relates to the underlying matter, not the

enforcement of the settlement agreement.  Accordingly, this court finds the $4,180 fee to be

unreasonable and, thus, denies it.

2.     The $19,245 Fee Incurred in Pursuing a Judgment by Confession

In its motion, Plaintiff requests a sum of $19,245 in attorney's fees that were incurred from

June 30, 2010 to March 31, 2011 relating to the filing, submission, and motion to amend the

confession of judgment.  Dkt. No. 133-3 at 43-46.  Defendants contend that these fees are

unreasonable because a judgment by confession is not recognized by federal law and because

these fees are not damages resulting from the breach.  Dkt. No. 136 at 3-4.  Plaintiff, however,

argues that the judgment by confession was part of the settlement agreement and, as such,

Defendants now imply that they did not have a good faith belief that the settlement was

enforceable when they entered into it.  Dkt. No. 137 at 3.

United States District Court
Northern District of California

7

Case No.: 5:11-CV-02579-EJD
ORDER GRANTING PLAINTIFF'S ATTORNEY'S FEES

In its previous order, this court addressed the issue of Plaintiff's attempt to file a judgment by confession in federal court. Dkt. No. 127 at 21. To refresh counsel's memory, this court clearly stated that:

> [it did] not find that Plaintiff acted unreasonably or in bad faith by filing the Judgment by Confession when Plaintiff believed it would be effective, particularly when Defendants had bargained for that particular legal mechanism to be written into the Settlement Agreement. Although Plaintiff's costs and legal fees have continued to increase because the Judgment by Confession was later invalidated, it would place too high a burden on Plaintiff to expect it to have predicted that outcome. And the unenforceable penalty contained in the Settlement Agreement no doubt caused the contribution of several hours of legal work to this case from both sides, but this circumstance cannot fairly be blamed solely on one party when both sides were responsible for drafting and executing the Settlement Agreement. In bringing their good faith and duty to mitigate arguments, Defendants essentially seek to cast the entirety of the blame for drafting and executing this problematic Settlement Agreement on Plaintiff. Such an outcome is not justified under the facts of this case.

Dkt. No. 127 at 21-22. The court has once rejected Defendants' argument, and will again reject it here. Accordingly, this court grants the $19,245 fee.

### 3.    The $5,150 Fee Incurred in Preparing the Instant Motion

In its motion, Plaintiff requests $5,150 in attorney's fees that were incurred in the preparation of the instant motion, including 16 hours of work performed by counsel Mr. Campbell at a rate of $275/hour and four hours of work performed by a paralegal at a rate of $150/hour. Dkt. No. 133-1 at 3. Defendants contend that Plaintiff's counsel should explain why it took this amount of time to prepare the instant motion that "[o]n its face, there does not appear to be anything to the Motion apart from re-stating the facts and procedural history of this case (which were already prepared for previous pleadings), and stating the attorney fees that have been billed." Dkt. No. 136 at 5. Plaintiff replies by providing a list of the various preparations that were required for the instant motion, including reviewing and analyzing documents, gathering billing records, preparing counsel's declaration with exhibits and memorandum, and communication with

Case No.: 5:11-CV-02579-EJD
ORDER GRANTING PLAINTIFF'S ATTORNEY'S FEES

the court.  Dkt. No. 137 at 4-5.

The instant motion is composed of: a seven-page brief; a four-page declaration listing the exhibits; and six exhibits consisting of copies of this court's previous order and judgment, an e-mail printout, invoices, an abstract of fees, and print-outs of counsel's biographies.  <u>See</u> Dkt. No. 133.  Unless counsel himself made the copies of the exhibits, this court assumes that counsel himself worked only on the brief and his declaration while his paralegal made the copies.  And, over half of the brief consists of excerpts taken verbatim from this court's previous order in which it describes this case's factual and procedural background.  As such, this court is inclined to agree with Defendants that, on its face, it is difficult to conceive how the preparation of this motion took 16 hours of counsel's time to prepare.  This is so even when considering counsel's review and analysis of this court's previous order and local rules, and communications with the court.  Thus, this court will reduce this requested fee and grant $2,800 for preparing this motion consisting of four hours of the paralegal's time at $150/hour and eight hours of counsel's time at $275/hour.

Furthermore, Plaintiff requests an additional $3,300 fee for replying to Defendants' opposition to this motion and for attending the hearing.  <u>See</u> Dkt. No. 133-1 at ¶ 13; Dkt. No. 137 at 5.  Given Plaintiff's five-page reply brief and no oral argument, this court finds that $1,100—consisting of four hours of counsel's time at $275/hour—is a reasonable amount for the reply.

Accordingly, this court finds the total amount of $3,900 to be a reasonable fee for the preparation and reply of this motion.

Case No.: 5:11-CV-02579-EJD
ORDER GRANTING PLAINTIFF'S ATTORNEY'S FEES

**III.    CONCLUSION**

Based on the foregoing, Plaintiff's Motion for Attorney's Fees is GRANTED in the amount of $101,199.  The hearing scheduled for September 12, 2014 is VACATED.


**IT IS SO ORDERED**.

Dated: September 8, 2014



EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California

10

Case No.: 5:11-CV-02579-EJD
ORDER GRANTING PLAINTIFF'S ATTORNEY'S FEES